Alan Ray CONRAD, Appellant,

v.

The STATE of Texas, State.

No. 2–01–121–CR.

Court of Appeals of Texas,
Fort Worth.

May 9, 2002.

Publication Ordered June 27, 2002.

Rehearing Overruled June 27, 2002.

Versel Rush, Wichita Falls, for Appellant.

Barry L. Macha, Criminal Dist. Attorney, John W. Brasher, Rich L. Mahler, Asst. District Attorneys, Wichita Falls, for Appellee.

PANEL A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

### OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Alan Ray Conrad of attempted murder and, after an affirmative finding on a deadly weapon allegation, sentenced him to twelve years' confinement. In a single point on appeal, Appellant argues that trial counsel rendered ineffective assistance when he failed to investigate an insanity defense. We affirm the trial court's judgment because we do not find sufficient evidence to show a reasonable probability that the result of

the trial would have been different had counsel's performance not been deficient.

## BACKGROUND

On November 22, 1996, Appellant choked Sandra Rhone, the complainant, for no apparent reason. Appellant was indicted for attempted murder. Subsequent to that choking but prior to the trial in question, Appellant committed another offense in Florida. The trial court in Florida found Appellant not guilty of that offense by reason of insanity. Moreover, Appellant was on Social Security disability for a mental disorder at the time of trial, and he had attempted suicide many times. Appellant's counsel for the attempted murder charge neither investigated the status of Appellant's mental health at the time of the choking incident nor presented an insanity defense at trial.

## STANDARD OF REVIEW

We apply a two-pronged test to ineffective assistance of counsel claims.[1] First, Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.[2] In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[3] The issue is whether counsel's assistance was reasonable under all the circumstances and pre-

vailing professional norms at the time of the alleged error.[4] "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[5] An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[6] Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.[7]

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.[8] In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[9] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[10] The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.[11]

## APPLICATION OF LAW TO FACTS

Appellant was represented by a public defender in his trial. After he was convicted, though, another attorney was appointed for appellate purposes. Appellate counsel called trial counsel to testify at a

---

1. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim.App.1999).

2. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

3. *Thompson,* 9 S.W.3d at 813.

4. *Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065.

5. *Id.* at 690, 104 S.Ct. at 2066.

6. *Thompson,* 9 S.W.3d at 814.

7. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

8. *Id.* at 687, 104 S.Ct. at 2064.

9. *Id.* at 694, 104 S.Ct. at 2068.

10. *Id.*

11. *Id.* at 697, 104 S.Ct. at 2070.

hearing on Appellant's motion for new trial. Appellant's sole basis for his motion for new trial was that trial counsel was ineffective.

Trial counsel testified that he did not recall investigating the factual basis for an insanity defense nor researching the law regarding an insanity defense. He apparently relied on the reports of two court-appointed mental health experts, Dr. Morris and Dr. Tomlinson. Both doctors had been appointed at the request of the State and agreed that Appellant was both competent to stand trial and sane at the time of the offense.

Trial counsel did not discuss the doctors' findings with them, even though he agreed they had been cooperative with him in the past. Trial counsel looked at no medical records regarding Appellant, did not request his own expert, did not contact the Social Security Administration about Appellant's mental illness, did not speak to the attorneys who had represented Appellant in the past, and did not speak with any doctors treating Appellant at the VA hospital. Trial counsel testified that Appellant believed he had no mental problems and did not want a competency examination.

■ Trial counsel's performance was surely deficient. Under *Strickland,* an attorney has the duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." [12] Thus, trial counsel had an obligation personally to investigate Ap-

pellant's mental status at the time of the offense. By his own admission, he did not do so. We can conceive of no trial strategy that would justify this failure. [13]

The second prong of *Strickland,* however, requires that this court find a reasonable probability of a different result if counsel's performance had not been deficient. [14] Trial counsel testified that his defense was that the assault was simply an assault with bodily injury, not an attempted murder. That defense is not inconsistent with an insanity defense. At the hearing on Appellant's motion for new trial, trial counsel admitted that he did not recall doing the necessary investigation into the insanity defense. The only other witness Appellant presented at the hearing, aside from himself, was Appellant's mother. She testified that Appellant's treating psychiatrist at the VA hospital and a VA social worker would have testified about Appellant's long-standing mental illness had they been subpoenaed to the trial. Those persons, however, did not testify at the hearing.

Further, there was no evidence offered at the hearing on the motion for new trial that any physician or social worker would have testified that Appellant was legally insane at the time of the offense. Although lay testimony may be sufficient to support an insanity defense, [15] Appellant did not even elicit lay testimony to establish insanity. In short, there is no evidence in the record that Appellant was legally insane when the assault occurred. We do not find the evidence presented at

**12.** *Id.* at 691, 104 S.Ct. at 2066.

**13.** *See Bouchillon v. Collins,* 907 F.2d 589, 596–97 (5th Cir.1990) ("It must be a very rare circumstance indeed where a decision not to investigate would be 'reasonable' after counsel has notice of the client's history of mental problems."); *Profitt v. Waldron,* 831 F.2d 1245, 1249 (5th Cir.1987) ("In this case, however, we cannot baptize the decision to forego

the insanity defense with the rejuvenating labels of 'tactical' or 'strategic' choice.").

**14.** *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

**15.** *Pacheco v. State,* 757 S.W.2d 729, 736 (Tex.Crim.App.1988).

the hearing on the motion for new trial sufficient to support the second prong of *Strickland*.

While we find trial counsel's performance clearly deficient and further find the evidence supports the first prong of *Strickland*, we cannot say that Appellant showed the outcome would have been different had trial counsel performed as the law requires. We must, therefore, overrule Appellant's sole point on appeal and affirm the trial court's judgment.