Affirmed and Memorandum Opinion
filed October 15, 2009

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00522-CR



Charles Edward
Vaughn, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 1093573



 

MEMORANDUM OPINION 

Charles Edward Vaughn was convicted of the
first-degree offense of felony murder and sentenced to thirty years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  Vaughn challenges his conviction on the grounds that he was denied
the effective assistance of counsel, and that the trial court erroneously
denied his motion for new trial.  We affirm.

I

            Early in the
morning on November 19, 2006, two Webster Police Department (“WPD”) officers,
Ryan Sprinkle and Jeff Lester, received a call about a “suspicious” person
dropping a weapon into some bushes in a residential neighborhood.  After
finding a handgun in the bushes, the officers located a residence where shots
had been fired.  While conducting a welfare check at that residence, officers
noticed a trail of blood across the floor leading to a closet. The WPD officers
could see human fingers under the closet door, and once Officer Lester opened
the door, they discovered James McGill lying on his stomach.  The officers
called for back-up officers and a medic, who pronounced McGill dead due to a
gunshot wound to the chest.  Multiple officers testified that the residence was
in “disarray” and “very trashy” because clothes, food, and trash were strewn
everywhere.

            Later that
morning, Officer Jeff Cargile received a call about a bleeding man sitting in
front of a donut shop.  Officer Cargile testified that he found Charles Edward
Vaughn in front of the donut shop, and he appeared to be intoxicated.  Because
of Vaughn’s incoherent state, Officer Cargile arrested him for public
intoxication.  

            Officers
testified that during a police interview, Vaughn admitted he was at McGill’s
house, but he claimed the gun had accidentally discharged.  Vaughn testified
that he told the officers he and McGill were friends, but also admitted he was
angry with McGill for burglarizing the residence of another friend.  After
hearing all the evidence, the jury convicted Vaughn of murder.  

            Vaughn filed a
motion for new trial, contending that he received ineffective assistance of
counsel.  After hearing the evidence and arguments of counsel, the court denied
the motion.  This appeal followed.  

II

            A defendant has a
right to counsel under both the United States Constitution and the Texas
Constitution.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; see also
Tex. Code Crim. Proc. Ann. § 1.05 (Vernon 2005).  Included in the right to
counsel is the right to have reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686 (1984).  We evaluate effective assistance
of counsel under a two-prong test developed in Strickland v. Washington.
 Id.  Under the Strickland test, a defendant must establish that
(1) his counsel’s representation was deficient and below the standard of
reasonableness, and (2) his counsel’s deficient performance prejudiced his
defense.  Id. at 687; Andrews v. State, 159 S.W.3d 98, 101–02
(Tex. Crim. App. 2005).  In reviewing a claim for ineffective assistance of
counsel, a court must decide whether an attorney’s “acts or omissions were
outside the wide range of professionally competent assistance” or may be
considered reasonable trial strategy.  Robertson v. State, 187 S.W.3d
475, 483 (Tex. Crim. App. 2006) (quoting Strickland, 466 U.S. at 690).  The
burden is on the defendant to prove by a preponderance of the evidence that his
counsel’s deficiency fell below prevailing professional norms.  Id.; see
also Rylander v. State, 101 S.W.3d 107, 109–10 (Tex. Crim. App. 2003). 

            We review the
trial court’s denial of a motion for a new trial under an abuse-of-discretion
standard.  State v. Herndon, 215 S.W.3d 901, 906–07 (Tex. Crim. App.
2007); Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).  We
do not substitute our judgment for the trial court’s judgment; rather, we
determine whether the trial court’s decision was arbitrary or unreasonable.  Holden,
201 S.W.3d at 763.   A trial court abuses its discretion only when its decision
is clearly wrong and “outside the zone of reasonable disagreement.”   Freeman,
167 S.W.3d at 117; see also Holden, 201 S.W.3d at 763.  

III

A

            Vaughn contends
his trial counsel failed to properly investigate his mental state and present
that evidence to the jury.  The State contends defense counsel’s conduct was
reasonable; alternatively, even if it were not reasonable, Vaughn’s defense was
not prejudiced. 

In Wiggins v. Smith, the Supreme Court
examined an attorney’s duty to investigate under its two-prong Strickland
standard.  539 U.S. 510, 521–23 (2003).  The Court concluded that there is a
duty to make reasonable investigations, and “‘a particular decision not to
investigate must be directly assessed for reasonableness in all circumstances,
applying a heavy measure of deference to counsel’s judgment.’”  Id.
(quoting Strickland, 466 U.S. at 690–91); see also Ex parte Martinez,
195 S.W.3d 713, 721–72 (Tex. Crim. App. 2006).  Counsel’s representation will
be deficient, however, if a sufficient pre-trial investigation is not
performed.  Wiggins, 539 U.S. at 521; Freeman v. State, 167
S.W.3d 114, 117 (Tex. App.—Waco 2005, no pet.); see also Bouchillon
v. Collins, 907 F.2d 589, 597 (5th Cir. 1990) (“If counsel fails here to
alert the court to the defendant’s mental state the fault is unlikely to be
made up . . . and decreases the probability that counsel will deem it necessary
to do further research in pursuit of a defense.”).  

But counsel is not required to always investigate a
defendant’s psychiatric history to meet the effective-assistance-of-counsel
standard.  See Purchase v. State, 84 S.W.3d 696, 700–01 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d).  Trial counsel is also not
required to investigate every possible lead or piece of mitigating evidence,
especially if it is not likely to positively aid the defendant.  Ex parte
Woods, 176 S.W.3d 224, 226 (Tex. Crim. App. 2005); Freeman, 167
S.W.3d at 117.  Traditionally, courts have given trial counsel “great latitude”
in deciding what type of evidence to present for mitigation purposes.  Mendoza
v. State, Nos. 14-06-01015-CR, 14-06-01016-CR, 2008 WL 2403769, at *5 (Tex.
App.—Houston [14th Dist.] June 12, 2008, pet. ref’d) (mem. op., not designated
for publication).  But a trial strategy cannot justify the failure to research
and present the jury with mitigating evidence if counsel has first failed to
properly investigate.  Id. (citing Wiggins, 539 U.S. at 520).  A
court should review and defer to counsel’s trial strategy “in direct proportion
to the amount and depth of counsel’s investigation.”  Id. (citing Strickland,
466 U.S. at 690–91).[1]


             At the hearing
on the motion for new trial, Vaughn did not assert that he was seeking a
defense of incompetency or insanity.  He contends that trial counsel was
ineffective only because she failed to properly investigate his psychiatric
history, request a psychiatric evaluation, and present mitigating evidence and
witnesses to testify to his mental state during both the guilt/innocence and
punishment stages of his trial.  Vaughn alleges this deficiency prejudiced his
defense. 

            At the hearing,
Vaughn called his sister, Deanne Simmons, to testify to his history of mental
illnesses and problems.  Simmons testified that Vaughn had been diagnosed as
bipolar and was on medication for his depression and anxiety.  Furthermore,
Simmons produced e-mails that tracked the correspondence between her and
Vaughn’s trial counsel.  In her e-mails, she asked trial counsel about having a
psychiatrist evaluate Vaughn, and she complained about Vaughn’s deteriorating
mental state.  Counsel responded that she would send a letter to the jail and
request that Vaughn be evaluated. There is nothing in the record, however, that
indicates Vaughn was in fact evaluated.  Additionally, Simmons told trial
counsel in an e-mail that Vaughn was receiving medical treatment through the
Mental Health and Mental Retardation Authority.  Vaughn also introduced medical
records indicating that doctors had diagnosed him with anxiety, depression, and
a bipolar disorder.  The records chronicle more than thirty years of medical
history including evidence that Vaughn sought psychiatric treatment and was on
and off medication.  Furthermore, Simmons testified at the punishment stage of
the trial that Vaughn received disability checks for having mental disorders—depression
and severe anxiety.  

During the motion-for-new-trial hearing, the State
introduced trial counsel’s sworn affidavit.  In the affidavit, counsel states
she knew Vaughn was suffering from depression and anxiety, but she was never informed
about any other mental illness.  She notes that Simmons had numerous
opportunities to divulge Vaughn’s medical background, but she only discussed
depression.  Trial counsel presented mitigating evidence of depression during
the punishment stage of Vaughn’s trial when Simmons testified.  Simmons also testified
about Vaughn’s anxiety disorder, alcohol problem, and his physical
disabilities.  Additionally, trial counsel consulted with a psychiatrist about
the effects of combining alcohol and Vaughn’s depression medication.  As a
trial strategy, trial counsel did not introduce evidence of his alcohol or drug
use “for fear that the jury would find Mr. Vaughn more dangerous because of
voluntary substance abuse . . . .”  She states that Vaughn was able to distinguish
between right and wrong and, in their discussions, he was “always lucid,
cogent, and well oriented.”  Finally, trial counsel asserts that Vaughn never told
her that he had a mental illness, nor was there any indication that he suffered
from a mental disorder, aside from his depression and anxiety.  

Assuming arguendo that trial counsel failed to
properly investigate Vaughn’s mental state, we now turn to the second prong of
the Strickland test—prejudice to Vaughn.  To obtain a reversal, Vaughn
must demonstrate with reasonable probability that but for trial counsel’s
deficient investigation, the outcome would have been different.  See Ex
Parte Imoudu, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009); Jackson v.
State, 857 S.W.2d 678, 682–83 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d).  In evaluating the prejudice, we weigh “the evidence in aggravation
against the totality of available mitigating evidence” in the entire record.  Wiggins,
539 U.S. at 534.  In conducting this assessment, courts often review the evidence
presented during the motion-for-new-trial hearing to see if a proper
investigation would have uncovered evidence that could have changed the outcome
of the trial.  See Freeman, 167 S.W.3d at 120; Conrad v. State,
77 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2002, pet. ref’d).  Vaughn has not demonstrated
that the outcome of his trial would have been different if trial counsel had
more thoroughly investigated his mental state.  

Vaughn repeatedly states that trial counsel should
have asked a psychiatrist to evaluate him.  He claims that with this
evaluation, the jury might have found him guilty of manslaughter instead of
murder, or the judge might have been more sympathetic during the punishment
stage.  But these claims are based on mere speculation.  The record does not
reflect what an evaluation would have shown.  Vaughn cannot simply state that
counsel was ineffective without highlighting the adverse effects on his
defense. See Strickland, 466 U.S. at 693.

Vaughn relies on Freeman for the proposition
that an evaluation was warranted, but in Freeman, a psychiatrist
evaluated the appellant post-trial.  Freeman, 167 S.W.3d at 118–19. 
During the motion-for-new-trial hearing, the psychiatrist testified that although
Freeman was sane and competent, his medical history was relevant punishment
evidence and should have been introduced.  Id. at 119.  Unlike Freeman,
Vaughn did not submit any evidence at the motion-for-new-trial hearing that explains
how potential mitigating evidence of his mental history would have changed the
outcome of his trial.  As trial counsel stated in her affidavit, “[t]here was
never any indication that a disorder interfered with his ability to distinguish
right from wrong or formulate an intent to act.” Additionally, mitigating
evidence of his depressive mental state and anxiety disorder was introduced
during the punishment stage of trial.  Vaughn has failed to prove that trial
counsel’s investigation prejudiced his defense so as to warrant a new trial.  We
conclude that Vaughn has not satisfied the second prong of Strickland. 
We therefore overrule Vaughn’s first issue.    

B

Vaughn also asserts the trial court erred in denying
his motion for new trial based on ineffective assistance of counsel.  The State
contends that Vaughn has failed to demonstrate that his counsel’s assistance
was deficient; hence, the trial court correctly denied his motion for a new
trial.  Because we conclude that Vaughn did not meet the
ineffective-assistance-of counsel test set out in Strickland, we hold
the trial court did not abuse its discretion by denying Vaughn’s motion for a
new trial.  We therefore overrule Vaughn’s second issue.

 

*
* *








For
the foregoing reasons, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Brown, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
“[I]nformation that indicates mental or emotional injury, even if not
sufficient to bar prosecution under an insanity plea or due to incompetence to
stand trial, may be important to reduce culpability at sentencing, and it is
hard to imagine such a tactical reason for not presenting such information.”  Mendoza,
2008 WL 2403769 at *5 (citing Miller v. Dretke, 420 F.3d 356, 364
(5th Cir. 2005)).