

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-09-282-CR

---

EX PARTE GINA T. IRWIN

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Gina T. Irwin appeals the denial of article 11.072 habeas corpus relief.[2]  Because the trial court did not abuse its discretion in denying habeas relief, we affirm the trial court's order.

The uncontested allegations in Appellant's pleadings indicate that she is a foreign national who is neither a citizen nor a permanent resident of the United States.  The record is silent regarding her actual citizenship and her

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005).

familiarity with English at the time her plea was entered. There is no indication of an inability clearly to speak or to understand English.

Although Appellant states that she entered a no contest plea, she also indicates that she entered into a "guilty-plea bargain," and the judgment and other records involving the plea indicate that she entered a plea of guilty. Appellant entered her guilty plea to the offense of injury to a child on January 30, 1992. Pursuant to a plea bargain, she was placed on deferred adjudication community supervision for a term of six years. She was ordered to pay court costs, a Tarrant County Crime Stoppers fee, and community supervision fees; perform 160 hours of community service; submit to testing for controlled substances; complete an adult education program; and complete "[c]ounseling/[t]reatment at the direction of the probation officer," including anger control and "[p]arenting guidance counseling," for which she was required to provide proof of completion. Appellant successfully completed community supervision, and the indictment was dismissed from the court docket on February 2, 1998.

Appellant did not appeal or otherwise challenge the granting of deferred adjudication until filing her February 2009 application for writ of habeas corpus

pursuant to article 11.072.[3] In the application for writ of habeas corpus, she argued that (1) newly discovered evidence establishes that she is actually innocent of the offense of which she was convicted;[4] (2) trial counsel failed to advise her of the immigration consequences of her plea, rendering her plea involuntary and constituting ineffective assistance of counsel; and (3) trial counsel failed to contact the complaining witness and to advise Appellant that he was exculpating her, constituting ineffective assistance of counsel and rendering her plea unknowingly and involuntarily entered.

The trial court adopted the State's proposed findings of fact and conclusions of law, and they are included in the record. The trial court found that, before accepting Appellant's plea of guilty, the trial court had admonished her that if she was not a citizen of the United States, a plea of guilty or nolo contendere to the offense charged might result in her deportation, exclusion from admission to this country, or denial of naturalization under federal law. The trial court also found that Appellant had "signed that she understood each

---

[3] *See id.*

[4] We note that Appellant was not convicted but was placed on deferred adjudication community supervision, that the criminal case against her was ultimately dismissed, and that deferred adjudication was not a final conviction for deportation purposes at the time she entered her plea. *See Moosa v. I.N.S.*, 171 F.3d 994, 1001 (5th Cir. 1999) (noting that the federal deportation law changed effective April 1, 1997).

of the written plea admonishments given by the trial court, that she understood the consequences of [her] plea, and that her plea was knowingly, freely and voluntarily entered." The trial court also found that the court had fully and adequately admonished Appellant regarding the deportation consequences of a guilty plea in accordance with article 26.13(a)(4) of the code of criminal procedure.[5] The court also found that deportation is a collateral consequence of a guilty plea and that, even if Appellant's trial counsel's deportation advice was inadequate or inaccurate, it did not constitute deficient performance under the Sixth Amendment since deportation is a collateral consequence of the guilty plea.

In addition to her plea of guilty, Appellant also signed a written judicial confession in which she admitted her guilt as to every allegation in the indictment. Nowhere in the trial record is Appellant's competence in the English language questioned.

As to the claims of ineffective assistance of counsel and actual innocence, the trial court adopted the State's proposed findings of fact detailing Appellant's judicial confession to the injuries to the child, detailing the size and nature of the injuries to the child, and setting out the child's statements to

---

[5] *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2009).

investigators and the case worker that Appellant had spanked him with a belt because she thought he was untruthful about the Thanksgiving holidays. The trial court also found that the child had reported that Appellant had whipped him with a coat hanger for getting into her things. The trial court noted that Appellant had admitted to striking the child with a belt buckle and that she bases her claim of actual innocence on the subsequent affidavit provided by the child in 2008 regarding his 2001 interview. The trial court found as a matter of fact that the complainant's recantations were not credible in light of his prior statements and bruises in November 1990, as well as Appellant's contemporaneous admission. Additionally, the complainant's recantations did not unquestionably establish Appellant's innocence.

In the 2008 affidavit, the now adult complainant attested to the truthfulness of answers he gave in an interview on November 21, 2001. In that interview, the complainant, then twenty-three years old, stated that Appellant did, indeed, strike him with a belt but that they were "love taps." When pressed, he admitted that although some of the bruises were caused by his own clumsiness and falling down because of a malformation of his feet, Appellant also spanked him with a belt, just not very hard.

Finally, in addressing her claims of ineffective assistance of counsel, the trial court found that Appellant had indicated by her signature at the time of her

5

plea that trial counsel had provided effective and competent representation and that Appellant had been totally satisfied with counsel's representation.

Although Appellant claimed that trial counsel had failed to investigate the child's account of the offense and that he had failed to discover that the child had denied that Appellant had injured him, Appellant presented no evidence from trial counsel regarding what investigation he had undertaken on her behalf. Consequently, the trial court found that Appellant had failed to demonstrate that trial counsel did not engage in reasonable preparation for the defense of the State's case against her or that his decisions were not matters of experience and strategy. The trial court found that Appellant had presented no evidence contemporaneous to the offense, investigation, or plea showing that the child had made any exculpatory statements regarding the offense at that time. The only exculpatory statements relied on by Appellant were statements made by the child in 2001 and reaffirmed by affidavit in 2008, approximately eleven years and eighteen years after the offense was committed, and approximately nine years and sixteen years after Appellant entered her guilty plea.

The trial court also found that Appellant had failed to prove that the child had made any exculpatory statements at any time between the date of the charged offense and the date of the guilty plea. Nor did Appellant show that

6

trial counsel had failed to investigate the offense or to discover exculpatory evidence that existed at the time.

The trial court also found that had Appellant not pled guilty to the offense, the State would have presented to a jury evidence that the child had bruises all over his arms and a bruise on his leg the size of an orange. The child told James M. Cockrell and case worker Melanie Cleveland that Appellant had spanked him with a belt because she thought he was untruthful about the Thanksgiving holidays. The child reported that Appellant had whipped him with a coat hanger for getting into her things. According to Cockrell's affidavit, the child's bruises seemed to have been caused by more than incidental contact from a typical disciplinary action. Appellant admitted to striking the child with a belt buckle.

Consequently, had Appellant pled not guilty and gone to trial, the court found that it was not reasonable to believe that a jury would have reached a different result if trial counsel had done more investigation, more communication, or more preparation in this case, or if trial counsel had employed different strategies. The trial court found that trial counsel had provided Appellant adequate representation and that there was no reasonable probability that other attorneys would have obtained a different jury result. The

7

trial court also found that Appellant was not denied effective assistance of counsel by trial counsel's representation.

The trial court concluded as a matter of law that Appellant had failed to sustain her burden to show (1) that trial counsel's advice was not within the range of competence demanded of attorneys in criminal cases and (2) that there was a reasonable probability that but for counsel's errors, Appellant would not have pled guilty and instead would have insisted on going to trial.[6]

As the trial court concluded as a matter of law, because of the difficulties inherent in viewing a trial counsel's performance in hindsight, a reviewing court should examine the totality of the representation and indulge in a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. The defendant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy.[7]

---

[6] *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

[7] *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984); *Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986).

An applicant for habeas corpus relief has the burden of proving ineffective assistance of counsel by a preponderance of the evidence.[8] Although trial counsel has an obligation to make reasonable investigation and reasonable decisions regarding the investigation, there is no evidence in the record before us that trial counsel failed to do so.[9] Trial counsel is not required to investigate every conceivable line of evidence, no matter how unlikely the effort would be to assist the defendant.[10]

In summary, as the Texas Court of Criminal Appeals has explained,

> A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. Accordingly, a guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. A defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings."

> An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. An applicant's delay in seeking habeas corpus relief

---

[8] *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

[9] *See Conrad v. State*, 77 S.W.3d 424, 425 (Tex. App.—Fort Worth 2002, pet. ref'd).

[10] *Wiggins v. Smith*, 539 U.S. 510, 533, 123 S. Ct. 2527, 2541 (2003).

9

may prejudice the credibility of his claim. An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion.[11]

Based on our review of the record before us, we find nothing in the record contrary to the trial court's findings of fact. Further, based upon our review of the law and the record before us, we cannot say that the trial court abused its discretion by denying Appellant habeas corpus relief. We therefore affirm the trial court's denial of habeas relief.

PER CURIAM

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 5, 2009

---

[11] *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citations omitted), *cert. denied*, 549 U.S. 1052 (2006).