COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-282-CR

 

 

EX PARTE GINA T. IRWIN

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Gina T. Irwin appeals the denial of article 11.072 habeas corpus relief.[2]  Because the trial court did not abuse its
discretion in denying habeas relief, we affirm the trial court=s order.








The
uncontested allegations in Appellant=s
pleadings indicate that she is a foreign national who is neither a citizen nor
a permanent resident of the United States. 
The record is silent regarding her actual citizenship and her
familiarity with English at the time her plea was entered.  There is no indication of an inability
clearly to speak or to understand English.

Although
Appellant states that she entered a no contest plea, she also indicates that
she entered into a Aguilty-plea bargain,@ and the
judgment and other records involving the plea indicate that she entered a plea
of guilty.  Appellant entered her guilty
plea to the offense of injury to a child on January 30, 1992.  Pursuant to a plea bargain, she was placed on
deferred adjudication community supervision for a term of six years.  She was ordered to pay court costs, a Tarrant
County Crime Stoppers fee, and community supervision fees; perform 160 hours of
community service; submit to testing for controlled substances; complete an
adult education program; and complete A[c]ounseling/[t]reatment
at the direction of the probation officer,@
including anger control and A[p]arenting
guidance counseling,@ for which she was required to
provide proof of completion.  Appellant
successfully completed community supervision, and the indictment was dismissed
from the court docket on February 2, 1998.








Appellant
did not appeal or otherwise challenge the granting of deferred adjudication
until filing her February 2009 application for writ of habeas corpus pursuant
to article 11.072.[3]  In the application for writ of habeas corpus,
she argued that (1) newly discovered evidence establishes that she is actually
innocent of the offense of which she was convicted;[4]
(2) trial counsel failed to advise her of the immigration consequences of her
plea, rendering her plea involuntary and constituting ineffective assistance of
counsel; and (3) trial counsel failed to contact the complaining witness and to
advise Appellant that he was exculpating her, constituting ineffective
assistance of counsel and rendering her plea unknowingly and involuntarily
entered.








The
trial court adopted the State=s
proposed findings of fact and conclusions of law, and they are included in the
record.  The trial court found that,
before accepting Appellant=s plea
of guilty, the trial court had admonished her that if she was not a citizen of
the United States, a plea of guilty or nolo contendere to the offense charged
might result in her deportation, exclusion from admission to this country, or
denial of naturalization under federal law. 
The trial court also found that Appellant had Asigned
that she understood each of the written plea admonishments given by the trial
court, that she understood the consequences of [her] plea, and that her plea
was knowingly, freely and voluntarily entered.@  The trial court also found that the court had
fully and adequately admonished Appellant regarding the deportation
consequences of a guilty plea in accordance with article 26.13(a)(4) of the
code of criminal procedure.[5]  The court also found that deportation is a
collateral consequence of a guilty plea and that, even if Appellant=s trial
counsel=s
deportation advice was inadequate or inaccurate, it did not constitute
deficient performance under the Sixth Amendment since deportation is a
collateral consequence of the guilty plea.

In
addition to her plea of guilty, Appellant also signed a written judicial
confession in which she admitted her guilt as to every allegation in the
indictment.  Nowhere in the trial record
is Appellant=s competence in the English
language questioned.








As to
the claims of ineffective assistance of counsel and actual innocence, the trial
court adopted the State=s proposed findings of fact
detailing Appellant=s judicial confession to the
injuries to the child, detailing the size and nature of the injuries to the
child, and setting out the child=s
statements to investigators and the case worker that Appellant had spanked him
with a belt because she thought he was untruthful about the Thanksgiving
holidays.  The trial court also found
that the child had reported that Appellant had whipped him with a coat hanger
for getting into her things.  The trial
court noted that Appellant had admitted to striking the child with a belt
buckle and that she bases her claim of actual innocence on the subsequent
affidavit provided by the child in 2008 regarding his 2001 interview.  The trial court found as a matter of fact
that the complainant=s recantations were not credible
in light of his prior statements and bruises in November 1990, as well as
Appellant=s contemporaneous
admission.  Additionally, the complainant=s recantations
did not unquestionably establish Appellant=s
innocence.

In the
2008 affidavit, the now adult complainant attested to the truthfulness of
answers he gave in an interview on November 21, 2001.  In that interview, the complainant, then
twenty-three years old, stated that Appellant did, indeed, strike him with a
belt but that they were Alove taps.@  When pressed, he admitted that although some
of the bruises were caused by his own clumsiness and falling down because of a
malformation of his feet, Appellant also spanked him with a belt, just not very
hard.








Finally,
in addressing her claims of ineffective assistance of counsel, the trial court
found that Appellant had indicated by her signature at the time of her plea
that trial counsel had provided effective and competent representation and that
Appellant had been totally satisfied with counsel=s
representation.

Although
Appellant claimed that trial counsel had failed to investigate the child=s
account of the offense and that he had failed to discover that the child had
denied that Appellant had injured him, Appellant presented no evidence from
trial counsel regarding what investigation he had undertaken on her
behalf.  Consequently, the trial court
found that Appellant had failed to demonstrate that trial counsel did not
engage in reasonable preparation for the defense of the State=s case
against her or that his decisions were not matters of experience and
strategy.  The trial court found that
Appellant had presented no evidence contemporaneous to the offense, investigation,
or plea showing that the child had made any exculpatory statements regarding
the offense at that time.  The only
exculpatory statements relied on by Appellant were statements made by the child
in 2001 and reaffirmed by affidavit in 2008, approximately eleven years and
eighteen years after the offense was committed, and approximately nine years
and sixteen years after Appellant entered her guilty plea.








The
trial court also found that Appellant had failed to prove that the child had
made any exculpatory statements at any time between the date of the charged
offense and the date of the guilty plea. 
Nor did Appellant show that trial counsel had failed to investigate the
offense or to discover exculpatory evidence that existed at the time.

The trial
court also found that had Appellant not pled guilty to the offense, the State
would have presented to a jury evidence that the child had bruises all over his
arms and a bruise on his leg the size of an orange.  The child told James M. Cockrell and case
worker Melanie Cleveland that Appellant had spanked him with a belt because she
thought he was untruthful about the Thanksgiving holidays.  The child reported that Appellant had whipped
him with a coat hanger for getting into her things.  According to Cockrell=s
affidavit, the child=s bruises seemed to have been
caused by more than incidental contact from a typical disciplinary action.  Appellant admitted to striking the child with
a belt buckle.








Consequently,
had Appellant pled not guilty and gone to trial, the court found that it was
not reasonable to believe that a jury would have reached a different result if
trial counsel had done more investigation, more communication, or more
preparation in this case, or if trial counsel had employed different
strategies.  The trial court found that
trial counsel had provided Appellant adequate representation and that there was
no reasonable probability that other attorneys would have obtained a different
jury result.  The trial court also found
that Appellant was not denied effective assistance of counsel by trial counsel=s
representation.

The
trial court concluded as a matter of law that Appellant had failed to sustain
her burden to show (1) that trial counsel=s advice
was not within the range of competence demanded of attorneys in criminal cases
and (2) that there was a reasonable probability that but for counsel=s
errors, Appellant would not have pled guilty and instead would have insisted on
going to trial.[6]

As the
trial court concluded as a matter of law, because of the difficulties inherent
in viewing a trial counsel=s
performance in hindsight, a reviewing court should examine the totality of the
representation and indulge in a strong presumption that counsel=s
performance falls within the wide range of reasonable professional
assistance.  The defendant must overcome
the presumption that, under the circumstances, the challenged action could be
considered sound trial strategy.[7]








An
applicant for habeas corpus relief has the burden of proving ineffective
assistance of counsel by a preponderance of the evidence.[8]  Although trial counsel has an obligation to
make reasonable investigation and reasonable decisions regarding the
investigation, there is no evidence in the record before us that trial counsel
failed to do so.[9]  Trial counsel is not required to investigate
every conceivable line of evidence, no matter how unlikely the effort would be
to assist the defendant.[10]

In
summary, as the Texas Court of Criminal Appeals has explained,

A guilty plea constitutes a waiver of three
constitutional rights:  the right to a
jury trial, the right to confront one=s accusers, and the right not to incriminate
oneself.  Accordingly, a guilty plea, to
be consistent with due process of law, must be entered knowingly,
intelligently, and voluntarily.  To be Avoluntary,@ a guilty plea must be
the expression of the defendant=s own free will and must not be induced by
threats, misrepresentations, or improper promises.  A defendant=s sworn representation
that his guilty plea is voluntary Aconstitute[s] a formidable barrier in any
subsequent collateral proceedings.@

 

An
applicant seeking habeas corpus relief on the basis of an involuntary guilty
plea must prove his claim by a preponderance of the evidence.  An applicant=s delay
in seeking habeas corpus relief may prejudice the credibility of his claim. An
appellate court reviewing a trial court=s ruling
on a habeas claim must review the record evidence in the light most favorable
to the trial court=s ruling and must uphold that
ruling absent an abuse of discretion.[11]








Based on
our review of the record before us, we find nothing in the record contrary to
the trial court=s findings of fact.  Further, based upon our review of the law and
the record before us, we cannot say that the trial court abused its discretion
by denying Appellant habeas corpus relief. 
We therefore affirm the trial court=s denial
of habeas relief.

 

PER CURIAM

 

 

PANEL:  DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc.
Ann. art. 11.072 (Vernon 2005).





[3]See id.





[4]We note that Appellant
was not convicted but was placed on deferred adjudication community
supervision, that the criminal case against her was ultimately dismissed, and
that deferred adjudication was not a final conviction for deportation purposes
at the time she entered her plea.  See
Moosa v. I.N.S., 171 F.3d 994, 1001 (5th Cir. 1999) (noting that the
federal deportation law changed effective April 1, 1997).





[5]See Tex. Code Crim. Proc.
Ann. art. 26.13(a)(4) (Vernon Supp. 2009).





[6]See Ex parte Moody, 991 S.W.2d 856, 857B58 (Tex. Crim. App.
1999).





[7]Strickland v. Washington, 466 U.S. 668, 689, 104
S. Ct. 2052, 2065 (1984); Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim.
App. 1986).





[8]Patrick v. State, 906 S.W.2d 481, 495
(Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).





[9]See Conrad v. State, 77 S.W.3d 424, 425
(Tex. App.CFort Worth 2002, pet. ref=d).





[10]Wiggins v. Smith, 539 U.S. 510, 533, 123
S. Ct. 2527, 2541 (2003).





[11]Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App. 2006) (citations omitted), cert. denied, 549 U.S. 1052
(2006).