**Modify Judgments, Affirm in Part, Reverse and Remand in Part; and Opinion Filed August 26, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-19-01398-CR
No. 05-19-01399-CR
No. 05-19-01485-CR

**DONNELL SLEDGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-56048-I, F17-56046-I, F17-56047-I**

## OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Donnell Sledge was tried before a jury and found guilty of possession with intent to deliver heroin, possession with intent to deliver cocaine, and unlawful possession of a firearm by a felon. The first two offenses were enhanced by his status as a habitual offender and the use of a firearm during a drug offense, while the third offense was enhanced only by his status as a habitual offender. He was sentenced to twenty-eight years' confinement in each case, with the sentences to run concurrently. In four issues, appellant urges his trial counsel was ineffective, the jury instructions were erroneous, his court costs were improperly assessed in the

judgments in trial cause numbers F17-56046 and F17-56048, and all three judgments fail to correctly reflect his jail credits. In a single cross-issue, the State requests modification of the judgments in F17-56047 and F17-56048. As modified, we affirm the trial court's judgments of conviction and reverse and remand for a new punishment hearing in all three cases.

## BACKGROUND

On the evening of June 27, 2017, approximately ten to fifteen people, including appellant, were playing dice in a field near an apartment complex. Witnesses heard an argument between appellant and another participant, Demarcus Johnson. After the two men's argument appeared to have calmed down, Johnson's mother, Margaret Hamilton, walked toward the field, yelling, "I'm fittin' to shut the block down." A few minutes later, Hamilton, Johnson, Hamilton's two other sons, and some of their friends all ran inside the apartment complex and into a unit before shutting the door. Witnesses sitting outside the apartment watched appellant arrive at a run, while brandishing a gun, and enter the same apartment. Appellant exited the apartment to demand of the witnesses there that they inform him of where Hamilton was. When he did not locate Hamilton, appellant left the apartment in a car driven by another individual.

Appellant then proceeded down the street to the apartment complex where Hamilton lived. Appellant approached four individuals sitting on a porch in front of Hamilton's apartment complex and asked where she was. When they did not

respond, he walked past them and into the apartment complex where he fired shots into the hallway, kicked in the screen door to one unit, held his gun up to the head of the man who opened the door behind the screen, and demanded to know where Hamilton was. Appellant only left when he heard someone out in the hallway say that the police were on their way.

Police officers arrived in response to the reports of gun shots, spotted what was identified by a witness as appellant's vehicle, and initiated a traffic stop of the vehicle. The vehicle pulled into the parking lot of a convenience store. Appellant got out of the car and began walking towards the store. The police officers ordered the female driver of the vehicle to remain in the car and detained appellant in the parking lot. Officers who arrived after appellant had been detained directed the female driver to get out of the car and conducted a protective sweep of the vehicle for weapons, during which they found a pistol on the driver's side floorboard, and a bag containing several smaller bags of what appeared to be illicit drugs on the passenger's side. After confirming the substances were narcotics, the police arrested appellant, searched him, seized more than $3,000 in cash, and placed him in the back of a squad car.

Appellant was charged by indictment with the offenses of possession with intent to deliver four grams or more but less than 200 grams of heroin, possession with intent to deliver four grams or more but less than 200 grams of cocaine, and

unlawful possession of a firearm by a felon.[1]  The indictments also alleged that (1) appellant was a habitual offender and (2) he used or exhibited a deadly weapon during the commission of the drug offenses.  Appellant pleaded "not guilty," and the cases proceeded to trial before a jury who found appellant guilty of all three offenses.  In response to enhancement paragraphs in each case alleging appellant was a habitual offender and to the deadly-weapon paragraphs in the drug offenses, the jury found all "not true."  Appellant requested a new trial in all three cases, which was granted without any specific grounds identified.

Appellant's cases proceeded to a second trial before a jury who found appellant guilty of all three offenses.  After sentencing proceedings, the jury found the enhancement paragraphs true and sentenced appellant to 28 years' confinement in each case, with the sentences to run concurrently.

## DISCUSSION

### I.     Ineffective Assistance of Counsel

In his first issue, appellant challenges the effectiveness of his trial counsel's assistance, arguing his counsel erred by failing to object to the State's deadly weapon and habitual offender allegations at his second trial.  He urges that his counsel should have asserted collateral estoppel or issue preclusion as a bar to these enhancements because the jury from appellant's first trial found them not true.  The State responds

---

[1] Appellant was also charged by a fourth indictment with aggravated assault with a deadly weapon, but he was found not guilty of that offense and thus does not appeal that acquittal.

the doctrine of collateral estoppel should not apply to the first jury's findings of not true at appellant's first trial, arguing appellant's first trial did not result in a final judgment because his conviction was reversed after the grant of new trial on unspecified grounds.

To obtain a reversal because of ineffective assistance, appellant must show: (1) that counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 689). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. In most instances, a silent record that provides no explanation for counsel's actions or inactions will not overcome the strong presumption of reasonable assistance. *Id.* at 814. When the record clearly confirms that counsel could have deliberately selected a course of action prejudicing the defendant, speculation is unnecessary. *See Weeks v. State*, 894 S.W.2d 390, 392 (Tex. App.—Dallas 1994, no writ). Conversely, where no conceivable trial strategy could justify counsel's

actions, such as where the defendant is automatically entitled as a matter of law to an acquittal or to the denial of the enhancement of his offense, the question can be resolved as a matter of law. *See Conrad v. State*, 77 S.W.3d 424, 426 (Tex. App.—Fort Worth 2002, pet. ref'd).

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been acquitted of the crime charged. *See Rollerson v. State*, 227 S.W.3d 718, 729 (Tex. Crim. App. 2007).

No one would question that where the State has pursued an offense to a final judgment of acquittal, it may not initiate a new prosecution premised on the same factual theory though framed as a technically different charge. In *Ashe v. Swenson*, the Supreme Court recognized that the Fifth Amendment guarantee against double jeopardy embodies the principle of collateral estoppel. 397 U.S. 436, 446 (1970) ("whatever else that constitutional guarantee may embrace, it surely protects a man who has been acquitted from having to 'run the gauntlet' a second time").

Under the collateral-estoppel component of double jeopardy, the government may not litigate a specific elemental fact to a competent factfinder (judge or jury), receive an adverse finding, learn from its mistakes, hone its prosecutorial performance, and relitigate that same question of fact. *Rollerson*, 227 S.W.3d at 730. The collateral-estoppel question becomes more difficult where a jury renders

either an inconsistent or incomplete verdict with the potential for factual overlap. In that situation, the defendant may argue that the affirmative answers in his or her favor should rationally compel acquittal on other, unanswered counts. That argument was rejected by the Fifth Circuit in *United States v. Yeager*, 521 F. 3d 367, 377 (5th Cir. 2008), on the theory that a rational jury would not have failed to acquit had its decision reached facts necessary to the overlapping charges. The Supreme Court reversed, holding that a jury's decision favorable to the accused is always entitled to its own preclusive force. 557 U.S. 110 (2009). This is true irrespective of logical speculation over why the jury decided as it did. Unlike juries tasked with resolving civil disputes, the decision of a jury to acquit in a criminal case, being subject to the constraints of the double jeopardy guarantee, is free from any obligation of rationality and is not subject to reconsideration or correction even where it is "egregiously erroneous." *Id.* at 122–23.

In this case, the original jury's verdict was neither incomplete nor inconsistent. The first jury was presented with the wholly distinct questions of whether appellant had committed the charged offenses, and, separately, whether he was either a habitual offender or used a firearm. While the jury was presented with substantial evidence on all three of these questions, it answered for the State only as to the first and gave affirmative answers in favor of the appellant as to the latter. Appellant was therefore entitled to a judgment in conformity with this verdict and, were we hearing an appeal from that trial we would generally be enabled, in view

"of the fundamental nature of double jeopardy protections," to ignore the failure to preserve the issue below and direct rendition of that judgment. *See, e.g.*, *Roy v. State*, 76 S.W.3d 87, 93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (quoting *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). Of course, there was no appeal of the first verdict (nor could there be from the enhancement answers), and the question arises now in connection with an ineffective assistance claim anchored in the failure to seek foreclosure of the potential for enhancement at the second trial.

The State argues this record does not satisfy the requirement of a "valid and final judgment" because appellant was granted a new trial at his request, which was granted on unspecified grounds. To be sure, this Court has held, "The granting of a motion for new trial on unspecified grounds does not constitute an acquittal, even if one of the grounds raised in the motion is insufficiency of the evidence." *See Ex parte Bratcher*, No. 05-05-01564-CR, 2006 WL 226048, at *1 (Tex. App.—Dallas Jan. 31, 2006, pet. ref'd) (not designated for publication). However, in that case, the jury answered wholly against the defendant who then sought and obtained a new trial after that *guilty* verdict. *See id.* (holding original jeopardy continued after defendant successfully sought new trial after receiving guilty verdict from jury); *see also United States v. Cessa*, 861 F.3d 121, 140 (5th Cir. 2017) (holding double jeopardy does not apply to bar retrial after jury found defendant guilty when "conviction [was] set aside because of an *error in the proceedings* leading to

conviction") (emphasis added) (quoting *United States v. Tateo*, 337 U.S. 463, 465 (1964)); *Ex parte Leachman*, 554 S.W.3d 730, 738–39 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (holding no acquittal and initial jeopardy continued after defendant's conviction reversed by grant of new trial on ground other than insufficient evidence).

While our appellant also moved for a new trial, the similarities end there. In a criminal trial, there is no motion to set aside a verdict *favorable to the accused*. U.S. CONST. amend V; TEX. CODE CRIM. PROC. art. 45.040. The State cites no authority suggesting that the defendant must forego favorable portions of a verdict as a condition of challenging the balance of the verdict that was answered against him, as counsel following the initial trial did here, as a condition of seeking retrial on other, independent findings that were adverse. Neither do we have any indication that counsel at the first trial deliberately sought to set aside the jury's *favorable* answers, in which case our ineffective assistance analysis would simply move one step further back in the record.[2]

Next, the State urges that the doctrine of collateral estoppel applies only to a previously litigated fact that constitutes an essential element of the offense in the second prosecution such that the doctrine does not apply to the question of whether

---

[2] On the contrary, counsel's motion simply avers that the verdict was "contrary to the law and the evidence."

–9–

appellant used or exhibited a deadly weapon in the drug cases or whether he should be punished as a habitual offender in all three charged offenses. We disagree.

In *Rollerson*, the court of criminal appeals held, "The use of a deadly weapon can be . . . subject to the principles of collateral estoppel [and] [i]f a factfinder determines a defendant did not use a deadly weapon, the State cannot contest the jury's finding of that fact in a subsequent proceeding." *See Rollerson*, 227 S.W.3d at 730. The Supreme Court has since held that even where, unlike here, a jury gives only a partially favorable decision, that decision must be given durable, forward-looking preclusive effect, even at the cost of foreclosing the State from seeking any verdict on a question that the first jury did not even reach. Accordingly, we conclude the principles of collateral estoppel apply here to the jury's findings that the deadly weapon and habitual offender enhancements were not true. *See id.*

Finally, the State urges that appellant failed to show his trial counsel's performance was deficient because the record is "silent" as far as any evidence of trial counsel's reasoning or strategy to explain the failure to object to the State's deadly weapon and habitual offender allegations at his second trial. *See Thompson*, 9 S.W.3d at 814. Indeed, we commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). But, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below

–10–

an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as he did. *See id.* at 102; *Conrad*, 77 S.W.3d at 426. Here, there is no conceivable trial strategy to justify failing to object to the State's deadly weapon and habitual offender allegations at appellant's second trial. *See Conrad*, 77 S.W.3d at 426. Accordingly, we conclude appellant established the first *Strickland* prong of deficient performance by his trial counsel.

Because appellant established the first *Strickland* prong, we now consider the second and address whether there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694.

Counsel's failure to object to the State's deadly-weapon and habitual-offender allegations at appellant's second trial harmed appellant because it allowed the second jury to reach and consider those allegations and thus negatively impacted appellant's sentences. First, the affirmative deadly weapon finding in his drug cases prevents him from being eligible for parole until his actual time served, without consideration of good conduct time, equals one half of the sentence or thirty calendar years, whichever is less. *See* TEX. GOV'T CODE § 508.145(d)(2). Without the deadly-weapon finding, appellant would be eligible for parole when his actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or fifteen years, whichever is less. *See id.* § 508.145(f).

Second, the affirmative findings to the habitual-offender enhancement paragraphs affected appellant's punishment range in all three cases, making the minimum punishment in all three cases twenty-five years. *See* TEX. PENAL CODE §12.42(d). Without the enhancement paragraphs, appellant's punishment range for the unlawful possession of a firearm by a felon case was two to ten years in prison. *See id.* §§ 12.34(a), 46.04(e). The punishment range for appellant's drug cases without the enhancement paragraphs is five to ninety-nine years in prison. *See id.* § 12.32(a); TEX. HEALTH & SAFETY CODE § 481.112(d). The sentence appellant received was twenty-eight years' confinement in each case, thus the harm in the unlawful possession of a firearm case was obvious and the harm in the drug cases cannot be determined because there is no way to tell how the enhancements affected the jury's decision-making during sentencing.

The State argues appellant cannot show prejudice because he has five prior felony convictions, such that even if the State were precluded from submitting the same enhancement allegations to the jury at appellant's second trial, the State still had three other prior felony convictions it could have used instead. The record contains evidence of three additional felony convictions in addition to those used in the enhancement paragraphs in the first and second trials. However, the question asked of the first jury would remain the same as that asked of the second: was the defendant, prior to the commission of the offense charged, convicted of a prior felony offense. Thus, permitting the State to continue to allege new and different

convictions would amount to permitting the State to "refine [its] presentation in light of the turn of events at the first trial." *See Ashe*, 397 U.S. at 447. Accordingly, we conclude appellant has established the second *Strickland* prong as to all three cases.

Accordingly, we sustain appellant's first issue and remand all three cases to the trial court for a new punishment hearing. *See, e.g.*, *Andrews*, 159 S.W.3d at 104; *see also* TEX. CODE CRIM. PROC. art. 44.29(b).

## II.      Instruction on the Law of Parties

In his second issue, appellant challenges the sufficiency of the evidence to support the trial court's jury instruction on law of parties in the heroin and cocaine cases. Appellant urges the record lacks any evidence he harbored the specific intent to promote or assist the commission of the drug offenses.

Even where proper objection is made at trial, where the evidence clearly supports a defendant's guilt as the primary actor, error in the charging on the law of parties is harmless. *See Swims v. State*, No. 05-13-01411-CR, 2015 WL 4198218, at *5 (Tex. App.—Dallas July 13, 2015, pet. ref'd) (mem. op., not designated for publication) (citing *Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999)).

Here, the record established appellant's guilt as the primary actor in the convicted offenses of possession with intent to deliver heroin and cocaine. A person commits possession of a controlled substance if he knowingly manufactures, delivers, or possesses with intent to deliver heroin or cocaine. *See* TEX. HEALTH & SAFETY CODE §§ 481.102(2), (3)(D), 481.112. A police officer testified at trial that

–13–

while appellant was detained in a squad car, appellant told the officer that the car he was riding in when he was arrested was his mother's and that everything inside belonged to him. That officer also testified appellant had a total of $3,887.91 in cash on him when he was arrested and that, "[d]ue to the narcotics that were found in the vehicle, the individual packaging, the different weights of packaging. . . my training and experience leads me to believe [appellant was] engaged in the sale of narcotics . . . ." *See Jackson v. State*, No. 05-07-00783-CR, 2009 WL 264630, at *6 (Tex. App.—Dallas Feb. 5, 2009, pet. ref'd) (not designated for publication) (holding in possession with intent to deliver case, "intent to deliver" element may be proved by circumstantial evidence, such as quantity of drugs possessed and manner of packaging). Thus, any error in submitting the instruction was harmless. *See Swims*, 2015 WL 4198218, at *5.

We overrule appellant's second issue.

## III.  Modification of Judgments

In his third issue, appellant urges his court costs were improperly assessed in the judgments in trial cause numbers F17-56046-I and F17-56048-I, and all three judgments fail to correctly reflect his jail credits. The State agrees that all three judgments should be modified, and, in a single cross-issue, requests further modification of the judgments in F17-56047-I and F17-56048-I.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R.

–14–

APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

In his third issue, appellant complains of duplicative costs assessed in the judgments in trial cause numbers F17-56046 and F17-56048. Where a trial court hears all cases against a defendant together in a single criminal action, the court is to assess each court cost or fee only once, in the judgment of the highest category offense for which the defendant is convicted. TEX. CODE. CRIM. PROC. art. 102.073(a), (b); *see, e.g., Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding where trial court erroneously includes certain amounts as court costs in judgment, appeals court should modify judgment to delete erroneous amount).

The record reflects that appellant was convicted of three offenses in a single criminal action, but the trial court assessed court costs of $289 in the unlawful possession of a firearm case (trial cause number F17-56046-I), $349 in the cocaine case (trial cause number F17-56047-I), and $349 in the heroin case (trial cause number F17-56048-I). The drug offenses are first degree felonies, while unlawful firearm possession is a third degree felony. *See* HEALTH & SAFETY § 481.112(d); TEX. PENAL CODE § 46.04(e). We modify the judgments in the unlawful possession of a firearm (trial cause number F17-56046-I) and heroin cases (trial cause number F17-56048-I) to reflect court costs of $0 each and delete the court costs that are

already reflected in the cocaine judgment (trial court cause number F17-56047-I). *See, e.g.*, *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd) (holding court costs be based on lowest cause number).

We thus sustain appellant's third issue.

In his fourth issue, appellant urges the judgments in all three cases fail to correctly reflect his jail credits. Appellant argues he remained jailed between the time of his arrest on June 27, 2017, and the last day of his trial on October 23, 2019, which totals 849 days. The judgments in the heroin and unlawful firearm possession cases reflect only 774 days, and the judgment in the cocaine case reflects only 807 days. The State agrees the credits on the judgments are incorrect and should reflect the time appellant was incarcerated from June 27, 2017, through October 23, 2019.

A defendant is given credit on his sentence for the time that he has spent in jail for the case from the time of his arrest and confinement until his sentence by the trial court. *See* TEX. CODE CRIM. PROC. art. 42.03, § 2(a)(1). We agree the judgments incorrectly credit appellant's jail credits. Accordingly, we modify each of the three judgments to reflect appellant's total jail time credit of 849 days.

We thus sustain appellant's fourth issue.

In a cross-issue, the State urges the judgment in the cocaine case (trial cause number F17-56047) should be modified to read "Yes, a Firearm" in the field entitled "Findings on Deadly Weapon," and the judgment in the heroin case (trial cause

number F17-56048) should be modified to read "pleaded not true" in the fields entitled "1st Enhancement Paragraph" and "2nd Enhancement Paragraph."

The record reflects the jury found appellant used or exhibited a deadly weapon during both drug offenses, but the judgment in the cocaine case (trial cause number F17-56047-I) reads "N/A" in the field entitled "Findings on a Deadly Weapon." However, as noted in our discussion of appellant's second issue, that allegation should not have been submitted to the second jury. Instead, we conclude the judgment in the heroin case (trial cause number F17-56048-I) should be modified to read "N/A" in the field entitled "Findings on a Deadly Weapon." Accordingly, we overrule that portion of the State's cross-point. The record also reflects that appellant pleaded not true to the first and second enhancement paragraphs in the heroin case, but the judgment reads "pleaded true." Accordingly, we modify the judgment in the heroin case (trial cause number F17-56048-I) to read:

"N/A" in the field entitled "Findings on a Deadly Weapon" and

"pleaded not true" in the fields entitled "1st Enhancement Paragraph" and "2nd Enhancement Paragraph."

We thus sustain the portion of the State's cross-issue regarding the enhancement paragraphs in the heroin case.

## CONCLUSION

As modified, we affirm the trial court's judgments of conviction and reverse and remand for a new punishment hearing in all three cases. *See* TEX. CODE CRIM. PROC. art. 44.29(b).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)

191398F.P05

Burns, C.J., dissenting from denial of en banc consideration, joined by J., Goldstein

–18–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNELL SLEDGE, Appellant

No. 05-19-01398-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-56048.
Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the judgment to reflect court costs of $0.
We modify the judgment to reflect appellant's total jail time credit of 849 days.
We modify the judgment to read "pleaded not true" in the fields entitled "1st Enhancement Paragraph" and "2nd Enhancement Paragraph."

As **REFORMED**, the judgment is **AFFIRMED** and **REVERSED** and **REMANDED** for a new punishment hearing.

Judgment entered this 26th day of August, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNELL SLEDGE, Appellant

No. 05-19-01399-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F17-56046. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the judgment to reflect court costs of $0.
We modify the judgment to reflect appellant's total jail time credit of 849 days.

As **REFORMED**, the judgment is **AFFIRMED** and **REVERSED** and **REMANDED** for a new punishment hearing.

Judgment entered this 26th day of August, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONNELL SLEDGE, Appellant

No. 05-19-01485-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F17-56047. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the judgment to reflect appellant's total jail time credit of 849 days.

As **REFORMED**, the judgment is **AFFIRMED** and **REVERSED** and **REMANDED** for a new punishment hearing.

Judgment entered this 26th day of August, 2021.